IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHANDA BOLIN, on behalf of herself and all other plaintiffs similarly situated, known and unknown,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>MAPLEBEAR INC. d/b/a INSTACART AND "DOES" 1 through 100, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No. 2:20-cv-05945-SDM-CMV<br><br>District Judge Sarah D. Morrison<br><br>Magistrate Judge Chelsey M. Vascura |

**DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY THE PROCEEDINGS**

Defendant Maplebear Inc. d/b/a Instacart ("Instacart"), by its attorneys, respectfully moves this Court for an Order pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and/or 12(b)(6), and Sections 2, 3, and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 2, 3, 4, compelling individual arbitration of the claims alleged by Plaintiff in the Complaint and staying the proceedings pending arbitration. This Motion is based on the contemporaneously filed Memorandum of Points and Authorities, the declarations of Caleb Grisell and Dylan Tonti, and all exhibits attached thereto. This Motion is further based on all pleadings and papers on file in this action, and upon such further oral and written argument and evidence as may be presented at or prior to any hearing of this matter.

///

///

///

///

///

1625585

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Dated: January 21, 2021

By: /s/ *Nancy M. Barnes*
One of Its Attorneys

Benjamin Berkowitz *(pro hac vice)*
Erin E. Meyer *(pro hac vice)*
Julia L. Allen *(pro hac vice)*
Donna Zamora-Stevens *(pro hac vice)*
Taylor Reeves *(pro hac vice)*
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
bberkowitz@keker.com
emeyer@keker.com
jallen@keker.com
dzamora-stevens@keker.com
treeves@keker.com

Nancy M. Barnes (0074744)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
(216) 566-5786 tel.
Nancy.Barnes@ThompsonHine.com

Attorneys for Defendant Maplebear Inc.
d/b/a Instacart

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ARBITRATION

Defendant Maplebear Inc. d/b/a Instacart ("Instacart") submits the instant Memorandum in support of its Motion to Compel Arbitration, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Sections 2, 3, and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 2, 3, 4. Plaintiff Shanda Bolin's claims do not belong in court because she entered into a valid and binding arbitration agreement with Instacart. Instacart respectfully requests that the Court compel individual arbitration of all of Plaintiff's claims and stay the claims pled in the Complaint pending the completion of final and binding arbitration.[1]

## I. INTRODUCTION[2]

Plaintiff is an independent contractor who entered into an Independent Contractor Agreement (the "Agreement") with Instacart, a San Francisco-based technology company that offers a multi-sided technology platform via the Instacart website and its smartphone application ("the Instacart app"). Instacart's communications platform ("the Instacart Platform") facilitates grocery shopping and delivery services in major metropolitan areas in Ohio and throughout the United States and Canada. Using the Instacart app, Instacart offers a method to connect retailers and independent contractors (called "shoppers") with consumers seeking grocery shopping and delivery services. Plaintiff is a shopper who used the Instacart Platform to provide grocery shopping and delivery services within Ohio to individuals who wanted to purchase grocery and other consumer items from select retail stores. Plaintiff alleges in this lawsuit that Instacart misclassified her as an independent contractor instead of an employee and, as a result, failed to

---

[1] To avoid any argument that Instacart has waived its right to move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), Instacart has also filed a motion to dismiss. However, the primary relief that Instacart seeks at this time is an order compelling individual arbitration in accordance with the parties' contract.

[2] Throughout this brief, with respect to quotations, emphases were added and internal punctuation, alterations, citations, and footnotes were omitted unless otherwise indicated.

comply with the Fair Labor Standards Act (the "FLSA"), the Ohio Minimum Fair Wage Standards Act, the Ohio Deceptive Trade Practices Act, and Ohio common law.

Plaintiff's claims do not belong in court. When signing up to use the Instacart Platform, Plaintiff agreed to arbitrate, on an individual basis, ***any and all*** disputes or claims related to her use of the Instacart Platform. This Agreement between Plaintiff and Instacart is valid and enforceable and precludes Plaintiff from bringing her claims in court. The Federal Arbitration Act ("FAA"), which applies to the Agreement, therefore requires individual arbitration of Plaintiff's claims.

The Court should compel Plaintiff to individually arbitrate her claims against Instacart and stay this action pending the completion of that arbitration.

## II. BACKGROUND

### A. Plaintiff agreed to the Independent Contractor Agreement.

Use of the Instacart Platform by a shopper is governed by an Agreement, which is a contract between Instacart and the shopper. *See* Declaration of Caleb Grisell ("Grisell Decl.") (attached as Exhibit A), ¶ 5 & Ex. 1. The Agreement describes the terms and conditions under which Instacart offers access to the Instacart Platform. *Id*. at ¶ 6. Plaintiff agreed to the Independent Contractor Agreement when she created a new profile through the Instacart App on May 9, 2020. *Id*. at ¶ 10. During the sign-up process, she was prompted to "Get Started" and was shown the full text of the Agreement. *Id*. at ¶ 13. Plaintiff was required to scroll all the way through the Agreement, before agreeing to its provisions and electronically signing the Agreement by checking a box at the bottom. *Id*. at ¶¶ 13, 14.

Plaintiff's assent to the Agreement and its terms has been documented by a third-party vendor called HelloWorks, which Instacart uses to facilitate shopper applicant paperwork, including the Agreement. HelloWorks provides Instacart with information about a shopper

4

applicant's consent to the Agreement, including the IP address of the shopper applicant. *Id*. at ¶ 9. HelloWorks also creates an audit trail that records time stamps documenting when a shopper applicant reviewed and agreed to the Agreement. *Id*. This information shows that Plaintiff electronically signed the Agreement by checking the box on May 9, 2020 at 19:49:11 Coordinated Universal Time (or 3:49:11 p.m. Eastern time on May 9, 2020). *Id*. at ¶ 10.

B. **The Agreement requires arbitration of Plaintiff's claims.**

In agreeing to the Independent Contractor Agreement, Plaintiff agreed to arbitrate "**ANY AND ALL DISPUTES OR CLAIMS BETWEEN [PLAINTIFF] AND INSTACART**" including "**any claim on any basis under federal, state, or local law**." Grisell Decl., Ex. 1 at ¶ 9.1 (bolding and capitalization in original). The Agreement went on to state that "the disputes and claims covered by this Arbitration Provision include any and all disputes and claims BETWEEN YOU AND INSTACART arising out of or relating to this Agreement, your classification as an independent contractor, or the Services performed under this Agreement . . . including but not limited to disputes or claims related to . . . wages or other compensation due; penalties; benefits; reimbursement of expenses . . . ." *Id.* at ¶ 9.3.

Plaintiff also agreed that her services "**involve commerce under the Federal Arbitration Act**" and that her Agreement to arbitrate disputes is "**governed by the Federal Arbitration Act**." *Id.* at ¶ 9.1 (bolding in original).

Finally, the Agreement also contained a Waiver of Class Action Claims:

> **Waiver of Class Action Claims. By signing this Agreement, Instacart and you agree that each may bring and pursue claims against the other only in their individual capacities, and may not bring, pursue or act as a plaintiff, class representative, or class member in any purported class or collective proceeding or action. . . .**

*Id.* at ¶ 9.4 (bolding in original). The arbitration provision utilized bolding and capitalization to emphasize these terms. *Id.*

### C. Plaintiff did not opt out of the arbitration provision.

Notably, the Agreement afforded Plaintiff the opportunity to opt out of the Agreement's arbitration provision within 30 days of signing the Agreement. If a shopper like Plaintiff elects to opt out of the arbitration provision, then the Agreement clarifies that "**neither [the shopper] nor Instacart will be bound by the terms of th[e] Arbitration Provision**." *Id*. at ¶ 9.10(a). Plaintiff never opted out of the arbitration provision in the Agreement. *See* Declaration of Dylan Tonti ("Tonti Decl.") (attached as Exhibit B), ¶¶ 4, 5.

### D. Plaintiff filed this lawsuit despite her express agreement to arbitrate

Despite signing the Agreement requiring her to arbitrate her claims and declining the opportunity to opt out of that requirement, Plaintiff nevertheless filed suit against Instacart on November 18, 2020, alleging that Instacart misclassified her as an independent contractor instead of as an employee.[3] Plaintiff's Complaint ("Compl."), Doc. No. 2, PAGE ID 59, 60, at ¶ 19. Plaintiff further alleges that because of this misclassification, Instacart has, among other things, improperly failed to pay required minimum and overtime wages and to reimburse shoppers for business expenses. *Id.* at PAGE ID 59, 60, 68, ¶¶ 19-20, 68-69. Plaintiff purports to bring this case as a class action on behalf of all shoppers who used the Instacart Platform in Ohio for the statutory period covered by the Complaint. *Id.* at PAGE ID 57, 60, ¶¶ 8, 22.

## III. ARGUMENT

Congress enacted the Federal Arbitration Act ("FAA") to reverse the "widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *see* 9 U.S.C. § 1 *et seq.* The U.S. Supreme Court has held that the FAA "reflects an

---

[3] Prior to bringing this Motion, counsel for Instacart asked Plaintiff's counsel whether Plaintiff would stipulate to proceeding in individual arbitration. As of the time of this filing, Plaintiff has not so agreed.

emphatic federal policy in favor of arbitral dispute resolution." *Marmet Health Care Ctr., Inc. v. Brown*, 565 U.S. 530, 533 (2012). *See also Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000) ("Courts are to examine the language of the contract in light of the strong federal policy in favor of arbitration"). Recently, the Court reaffirmed that the FAA "requires courts rigorously to enforce arbitration agreements according to their terms, including terms that specify *with whom* the parties choose to arbitrate their disputes and *the rules* under which that arbitration will be conducted." *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1621 (2018) (emphasis in original).

Because the FAA applies here, *see infra* Section III.A, this Court's role in deciding Instacart's motion to compel arbitration is narrow. "State and federal courts must enforce the [FAA] with respect to all arbitration agreements covered by that statute." *Marmet Health Care Ctr.*, 565 U.S. at 530-31. "[T]he Act leaves no place for the exercise of discretion by a [trial] court, but instead mandates that [trial] courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original).

When considering a motion to compel arbitration and stay proceedings under the FAA, the Court has four tasks: (1) it must determine whether the parties agreed to arbitrate; (2) it must determine the scope of the arbitration agreement at issue; (3) if federal statutory claims are asserted, it must consider whether Congress intended those claims to be non-arbitrable; and (4) if the Court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. *Stout*, 228 F.3d at 714. The responses to all four inquiries are in Instacart's favor. **First**, as set forth above, Plaintiff agreed to arbitrate her claims against Instacart. **Second**, the dispute is within the scope of the Agreement, which covers any and all disputes between Plaintiff and Instacart, "including

7

1625585

without limitation misclassification claims."  Grisell Decl., Ex. 1 at ¶¶ 9.1, 9.3.  ***Third***, Congress did not intend for FLSA claims—the only federal statutory claims at issue here—to be non-arbitrable.  ***Fourth***, because all claims in the Complaint are subject to arbitration, the entire case must be stayed pending the outcome of this motion and of the resulting individual arbitration.  *See* 9 U.S.C. § 3.  The Court should therefore grant Instacart's Motion.

> A. **The FAA governs the arbitration provision.**

The FAA mandates enforcement of valid, written arbitration agreements and authorizes the Court to compel arbitration as provided in the Agreement between the parties.  9 U.S.C. §§ 1-4.  Given the mandate of the FAA, courts throughout the Sixth Circuit routinely enforce employment arbitration agreements.  *See, e.g., Gaffers v. Kelly Servs., Inc.*, 900 F.3d 293, 297 (6th Cir. 2018) (reversing district court's denial of a motion to compel arbitration of employment-related claims).

Indeed, when addressing disputes about the enforceability of an arbitration agreement, the "FAA establishes a liberal policy favoring arbitration agreements, and any doubts regarding arbitrability should be resolved in favor of arbitration over litigation." *Anderson v. Delta Funding Corp.*, 316 F. Supp. 2d 554, 561 (N.D. Ohio 2004).  The U.S. Supreme Court has reinforced these longstanding principles again and again, requiring the rigorous enforcement of arbitration agreements.  *See, e.g.*, *Epic Sys.*, 138 S. Ct. at 1621; *Concepcion*, 563 U.S. at 345-46.  In *Epic Systems*, the U.S. Supreme Court held that "[i]n the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements *according to their terms— including terms providing for individualized proceedings*."  138 S. Ct. at 1619.

The arbitration provision contained in the Agreement at issue here is—by its express terms—governed by the FAA.  Grisell Decl., Ex. 1 at ¶ 9.1 ("**You and Instacart expressly agree that this Agreement shall be governed by the Federal Arbitration Act (9 U.S.C. §§ 1**

**et seq.) . . .**"). The Agreement is also covered by the FAA because it involves interstate commerce. *See* 9 U.S.C. § 2. First, the Instacart Platform is available to shoppers nationwide in multiple states. Grisell Decl., ¶ 3. Second, the Instacart Platform facilitates commercial connections and transactions between shoppers and customers through the Internet. *Id.* at ¶ 4. The Internet is "both an instrumentality and channel of interstate commerce." *See United States v. Person*, 714 Fed. App'x 547, 551 (6th Cir. 2017). Here, the use of the Internet further confirms that the Agreement involves interstate commerce.

      **B.**      **The arbitration provision is valid and enforceable.**

Given the undisputed application of the FAA, the Court must determine whether a valid arbitration agreement exists by "apply[ing] ordinary state-law principles [governing] contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Here, there is no question that a valid arbitration agreement exists between Instacart and Plaintiff.

Plaintiff reviewed and accepted the Agreement, which contained a clearly disclosed and binding arbitration provision. *See* Grisell Decl., ¶¶ 11-15 & Ex. 1 at ¶ 9. Plaintiff electronically signed the Agreement by checking a box after scrolling through the entire Agreement, a copy of which has been submitted with Instacart's motion. *See* Grisell Decl., ¶ 14 & Ex. 1. Indeed, Plaintiff's assent to the Agreement (and its arbitration provision) is supported by an extensive paper trail. Instacart has provided an audit trail showing when it offered the terms of the Agreement to Plaintiff, the exact time Plaintiff viewed the Agreement, and when Plaintiff accepted the terms of the Agreement by checking a box to electronically sign the Agreement. *See* Grisell Decl., ¶ 10 & Ex. 1. The audit trail also establishes that Plaintiff had ample time to review the terms (including the arbitration terms) before accepting them. *See id.* (HelloWorks audit trail information). Ultimately, Plaintiff accepted and agreed to be bound by those terms by clicking the box to electronically sign the Agreement, and Plaintiff and Instacart each

9

**et seq.) . . .**"). The Agreement is also covered by the FAA because it involves interstate commerce. *See* 9 U.S.C. § 2. First, the Instacart Platform is available to shoppers nationwide in multiple states. Grisell Decl., ¶ 3. Second, the Instacart Platform facilitates commercial connections and transactions between shoppers and customers through the Internet. *Id.* at ¶ 4. The Internet is "both an instrumentality and channel of interstate commerce." *See United States v. Person*, 714 Fed. App'x 547, 551 (6th Cir. 2017). Here, the use of the Internet further confirms that the Agreement involves interstate commerce.

    **B.**    **The arbitration provision is valid and enforceable.**

Given the undisputed application of the FAA, the Court must determine whether a valid arbitration agreement exists by "apply[ing] ordinary state-law principles [governing] contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Here, there is no question that a valid arbitration agreement exists between Instacart and Plaintiff.

Plaintiff reviewed and accepted the Agreement, which contained a clearly disclosed and binding arbitration provision. *See* Grisell Decl., ¶¶ 11-15 & Ex. 1 at ¶ 9. Plaintiff electronically signed the Agreement by checking a box after scrolling through the entire Agreement, a copy of which has been submitted with Instacart's motion. *See* Grisell Decl., ¶ 14 & Ex. 1. Indeed, Plaintiff's assent to the Agreement (and its arbitration provision) is supported by an extensive paper trail. Instacart has provided an audit trail showing when it offered the terms of the Agreement to Plaintiff, the exact time Plaintiff viewed the Agreement, and when Plaintiff accepted the terms of the Agreement by checking a box to electronically sign the Agreement. *See* Grisell Decl., ¶ 10 & Ex. 1. The audit trail also establishes that Plaintiff had ample time to review the terms (including the arbitration terms) before accepting them. *See id.* (HelloWorks audit trail information). Ultimately, Plaintiff accepted and agreed to be bound by those terms by clicking the box to electronically sign the Agreement, and Plaintiff and Instacart each

demonstrated their mutual assent by performing under the Agreement. *Id*. This method is commonly known as a "scrollwrap," and has repeatedly been found to create enforceable agreements. *See, e.g., Hancock v. American Tel. and Tel. Co., Inc.*, 701 F.3d 1248, 1257-58 (10th Cir. 2012) (holding scrollwrap contracts valid where individuals were given the opportunity to review the terms in the scrolling text box, and had to click an "I Agree" button to manifest assent to the terms and to continue the registration process); *Camilo v. Lyft, Inc.*, 384 F. Supp. 3d 435, 439 (S.D.N.Y. 2019) (stressing that courts routinely uphold clickwrap agreements for the principal reason that the user has affirmatively assented to the terms of agreement by clicking "I agree"); *Peterson v. Lyft, Inc.*, No. 16-CV-07343-LB, 2018 WL 6047085, at *6 (N.D. Cal. Nov. 19, 2018) (finding that parties entered into a binding arbitration provision per a scrollwrap agreement). All of this is more than enough to show that Plaintiff agreed to, and is therefore bound by, the Agreement's arbitration provision.

To the extent that Plaintiff contends that the arbitration provision is invalid or unenforceable, it is Plaintiff's burden to prove that the cause of action in this dispute is unsuitable for arbitration. *See, e.g., Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91-92 (2000) (reiterating that the party resisting arbitration must prove that the claims at issue are unsuitable for arbitration); *see also Klatte v. LaserShip, Inc.*, No. 1:17-CV-00516, 2019 WL 4413043, at *1 (S.D. Ohio Sept. 16, 2019) ("The burden of proving that a claim is non-arbitrable rests on the party refusing arbitration"). In refusing to arbitrate her claims, Plaintiff has not articulated any such grounds. Instacart reserves all rights to address any such arguments advanced by Plaintiff in the future. Instacart notes, however, that prior versions of its Agreement have been held enforceable by other courts. *See, e.g., O'Shea v. Maplebear Inc.*, No. 19-CV-06994, 2020 WL 7490371, at *7 (N.D. Ill. Dec. 21, 2020) (finding Instacart's arbitration

agreement to be valid and enforceable, and granting Instacart's motion to compel arbitration on an individual basis); *Cobarruviaz v. Maplebear Inc. dba Instacart*, 143 F. Supp. 3d 930, 947 (N.D. Cal. 2015) (finding Instacart's arbitration agreement to be valid and enforceable under California law, and granting Instacart's motion to compel arbitration on an individual basis); *Bynum v. Maplebear Inc.*, 160 F. Supp. 3d 527, 541 (E.D.N.Y. 2016) (same under New York law); *Moton v. Maplebear Inc.*, No. 15 Civ. 8879 (CM), 2016 WL 616343, at *9 (S.D.N.Y. Feb. 9, 2016) (same).

C. **The arbitration provision encompasses Plaintiff's claims.**

The next inquiry for the Court—whether the agreement encompasses Plaintiff's claims—is straightforward. Plaintiff's claims fall squarely within the scope of the arbitration provision.

Here, the arbitration provision provides that "**ANY AND ALL DISPUTES OR CLAIMS BETWEEN YOU AND INSTACART shall be exclusively resolved by final and binding arbitration by a neutral arbitrator**." Grisell Decl., Ex. 1 at ¶ 9.1 (bolding in original). On its face, the provision covers any claims Plaintiff might bring and expressly covers the claims she has brought, including disputes "relat[ed] to . . . [her] classification as an independent contractor, or the Services performed under this Agreement" including "disputes or claims related to . . . wages or other compensation due; penalties; benefits; reimbursement of expenses." *Id*. at ¶ 9.3. All of Plaintiff's claims are expressly covered by Section 9.3 of the Agreement.

Further, as previously recognized by this Court, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself, or an allegation of waiver, delay, or a like defense to arbitrability." *Ackison Surveying, LLC v. Focus Fiber Sols., LLC*, No. 2:15-CV-02044, 2016 WL 4208145, at *1 (S.D. Ohio Aug. 10, 2016); *see also* 9 U.S.C. § 2. This presumption has led the United States Supreme Court to instruct that "[d]oubts should be resolved in favor of

11

1625585

agreement to be valid and enforceable, and granting Instacart's motion to compel arbitration on an individual basis); *Cobarruviaz v. Maplebear Inc. dba Instacart*, 143 F. Supp. 3d 930, 947 (N.D. Cal. 2015) (finding Instacart's arbitration agreement to be valid and enforceable under California law, and granting Instacart's motion to compel arbitration on an individual basis); *Bynum v. Maplebear Inc.*, 160 F. Supp. 3d 527, 541 (E.D.N.Y. 2016) (same under New York law); *Moton v. Maplebear Inc.*, No. 15 Civ. 8879 (CM), 2016 WL 616343, at *9 (S.D.N.Y. Feb. 9, 2016) (same).

C. **The arbitration provision encompasses Plaintiff's claims.**

The next inquiry for the Court—whether the agreement encompasses Plaintiff's claims—is straightforward. Plaintiff's claims fall squarely within the scope of the arbitration provision.

Here, the arbitration provision provides that "**ANY AND ALL DISPUTES OR CLAIMS BETWEEN YOU AND INSTACART shall be exclusively resolved by final and binding arbitration by a neutral arbitrator**." Grisell Decl., Ex. 1 at ¶ 9.1 (bolding in original). On its face, the provision covers any claims Plaintiff might bring and expressly covers the claims she has brought, including disputes "relat[ed] to . . . [her] classification as an independent contractor, or the Services performed under this Agreement" including "disputes or claims related to . . . wages or other compensation due; penalties; benefits; reimbursement of expenses." *Id*. at ¶ 9.3. All of Plaintiff's claims are expressly covered by Section 9.3 of the Agreement.

Further, as previously recognized by this Court, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself, or an allegation of waiver, delay, or a like defense to arbitrability." *Ackison Surveying, LLC v. Focus Fiber Sols., LLC*, No. 2:15-CV-02044, 2016 WL 4208145, at *1 (S.D. Ohio Aug. 10, 2016); *see also* 9 U.S.C. § 2. This presumption has led the United States Supreme Court to instruct that "[d]oubts should be resolved in favor of

coverage." *Granite Rock Co*, 561 U.S. 287, 314 (2010). *See also United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960) (stressing that doubts should be resolved in favor of coverage); *John Wiley & Sons Inc. v. Livingston*, 376 U.S. 543, 550 n.4 (1964) ("[W]hen a contract is scrutinized for evidence of an intention to arbitrate a particular kind of dispute, national labor policy requires, within reason, that an interpretation that covers the asserted dispute [] be favored.").

There is no doubt as to whether Plaintiff's claims fall within the scope of the Agreement. Even if there were, such doubts must be resolved in favor of arbitration.

### D. All federal statutory claims are arbitrable.

The next inquiry for the Court resolves in Instacart's favor as well. Plaintiff's FLSA claims—which are the only federal statutory claims at issue here—are subject to the arbitration provision in the Agreement.

It is, of course, Plaintiff's burden to establish that her federal claim is **not** arbitrable. *See Randolph*, 531 U.S. at 91-92 (reiterating that the party resisting arbitration must prove that the claims at issue are unsuitable for arbitration); *see also Klatte v. LaserShip, Inc.*, No. 1:17-CV-00516, 2019 WL 4413043, at *1 (S.D. Ohio Sept. 16, 2019) ("The burden of proving that a claim is non-arbitrable rests on the party refusing arbitration").

Plaintiff will not, however, be able to meet this burden. Federal law affirmatively establishes that Plaintiff's federal claims **are** arbitrable. *See, e.g., Gaffers v. Kelly Servs., Inc.*, 900 F.3d 293, 296 (6th Cir. 2018) ("And because the FLSA does not clearly and manifestly make arbitration agreements unenforceable, we hold that it does not displace the Arbitration Act's requirement that we enforce the employees' agreements as written."); *Aracri v. Dillard's, Inc.*, No. 1:10-CV-253, 2011 WL 1388613, at *4 (S.D. Ohio Mar. 29, 2011) ("statutory claims may be the subject of an arbitration agreement, including claims under the FLSA.").

### E. The Court should compel arbitration on an individual basis and stay the proceedings.

Because Instacart has established the requirements for a motion to compel arbitration, the Court must compel arbitration of Plaintiff's claims on an individual basis, pursuant to the terms of Plaintiff's Agreement. Plaintiff's Agreement provides that she "**may bring and pursue claims against the other only in their individual capacities, and may not bring, pursue or act as a plaintiff, class representative, or class member in any purported class or collective proceeding or action**." Grisell Decl., ¶ 16, Ex. 1 at ¶ 9.4 (bolding in original). In *Epic Systems*, the U.S. Supreme Court reaffirmed the enforceability of class-action waivers such as the one in the Agreement and held that the FAA "requires courts rigorously to enforce arbitration agreements according to their terms." *Epic Sys.*, 138 S. Ct. at 1621; *see also In re: Automotive Parts Antitrust Litigation*, 951 F.3d 377, 381 (6th Cir. 2020) ("Courts must, consistent with this text, rigorously enforce arbitration agreements according to their terms").

The Court should stay this action pending the completion of Plaintiff's individual arbitration. When an issue in controversy is covered by a valid arbitration agreement, the FAA and the Ohio Arbitration Act require courts to stay proceedings and to compel arbitration in accordance with the terms of the controlling agreement. 9 U.S.C. §§ 3, 4; *Concepcion*, 563 U.S. at 344 (2011); Ohio Rev. Code Ann. § 2711.02 (providing that the Court "**shall** on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement"); *Javitch v. First Union Sec., Inc.,* 315 F.3d 619, 624 (6th Cir. 2003) ("To enforce this dictate, [the FAA] provides for a stay of proceedings when an issue is referable to arbitration . . . ."). Here, the parties entered into valid agreements to arbitrate all claims included in the Complaint. This case should therefore be stayed at this time.

## IV. CONCLUSION

The parties entered into a valid, enforceable Agreement to arbitrate, and the broad scope of that Agreement encompasses all of Plaintiff's claims. This Court should compel Plaintiff to arbitrate her claims against Instacart and stay this action in its entirety pending the completion of that arbitration.

Dated: January 21, 2021

Respectfully submitted,
MAPLEBEAR INC. d/b/a INSTACART

By: */s/ Nancy M. Barnes*
One of Its Attorneys

Benjamin Berkowitz *(pro hac vice)*
Erin E. Meyer *(pro hac vice)*
Julia L. Allen *(pro hac vice)*
Donna Zamora-Stevens *(pro hac vice)*
Taylor Reeves *(pro hac vice)*
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
bberkowitz@keker.com
emeyer@keker.com
jallen@keker.com
dzamora-stevens@keker.com
treeves@keker.com

Nancy M. Barnes (0074744)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
(216) 566-5786 tel.
Nancy.Bames@ThompsonHine.com

Attorneys for Defendant Maplebear Inc. d/b/a Instacart

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2021, a copy of foregoing *Defendant's Motion to Compel Arbitration and to Stay the Proceedings and Memorandum of Law in Support of Motion to Compel Arbitration* were filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Nancy M. Barnes*
Nancy M. Barnes

1625585