IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHANDA BOLIN, on behalf of herself and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>MAPLEBEAR INC. d/b/a INSTACART AND "DOES" 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:20-cv-05945-SDM-CMV<br><br>District Judge Sarah D. Morrison<br><br>Magistrate Judge Chelsey M. Vascura |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT INVOLVING FLSA CLAIMS; STIPULATION OF DISMISSAL

Plaintiff Shanda Bolin ("Plaintiff") and Defendant Maplebear, Inc. ("Instacart") (collectively, "Parties"), by and through their undersigned counsel, respectfully request that this Court enter an Order approving the settlement reached in this case ("Settlement") and memorialized in the Parties' Settlement Agreement and Release of All Claims ("Settlement Agreement"). The Court's approval of the Settlement and Settlement Agreement is necessary because this case includes claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

The Parties respectfully submit that the Settlement as memorialized in the Settlement Agreement is fair and reasonable, and satisfies the criteria for approval under section 216(b) of the FLSA. As explained in the attached Declaration, the Settlement and Settlement Agreement were reached during arms-length negotiations between the Parties, conducted by experienced counsel. Counsel's efforts included substantial investigation, exchange of wage and hour data, and expert

review. Moreover, the Settlement and Settlement Agreement are consistent with the aims and purposes of the FLSA. Accordingly, for these reasons and as more fully set forth below, the Parties request that the Court approve the Settlement and Settlement Agreement, and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

Dated: January 11, 2022

| | |
|---|---|
| LAW OFFICE OF MICHAEL L. FRADIN | THOMPSON HINE LLP |
| By: */s/ Michael L. Fradin* | By: */s/ Nancy M. Barnes* <br> One of Its Attorneys |
| Michael L. Fradin, Esq. <br> mike@fradinlaw.com <br> 8 N. Court St. Suite 403 <br> Athens, Ohio 45701 <br> Telephone: 847-986-5889 <br> Facsimile: 847-673-1228 | Benjamin Berkowitz *(pro hac vice)* <br> Erin E. Meyer *(pro hac vice)* <br> Julia L. Allen *(pro hac vice)* <br> Donna Zamora-Stevens *(pro hac vice)* <br> Taylor Reeves *(pro hac vice)* <br> Keker, Van Nest & Peters LLP <br> 633 Battery Street <br> San Francisco, CA 94111-1809 <br> Telephone: 415 391 5400 <br> Facsimile: 415 397 7188 <br> bberkowitz@keker.com <br> emeyer@keker.com <br> jallen@keker.com <br> dzamora-stevens@keker.com <br> treeves@keker.com |
| Ian Silvers *(pro hac vice)* <br> 1301 Dove St., Suite 120 <br> Newport Beach, CA 92660 <br> 949-752-2999 <br> Fax: 949-752-2777 <br> Email: isilvers@bisnarchase.com <br> Email: jbeligan@bisnarchase.com | |
| *Attorneys for Plaintiff Shanda Bolin* | Nancy M. Barnes (0074744) <br> THOMPSON HINE LLP <br> 3900 Key Center <br> 127 Public Square <br> Cleveland, OH 44114 <br> (216) 566-5786 tel. <br> Nancy.Barnes@ThompsonHine.com |

*Attorneys for Defendant Maplebear Inc. d/b/a Instacart*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SHANDA BOLIN, on behalf of herself and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>MAPLEBEAR INC. d/b/a INSTACART AND "DOES" 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:20-cv-05945-SDM-CMV<br><br>District Judge Sarah D. Morrison<br><br>Magistrate Judge Chelsey M. Vascura |

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT INVOLVING FLSA CLAIMS; STIPULATION OF DISMISSAL

Plaintiff Shanda Bolin ("Plaintiff") and Defendant Maplebear, Inc. ("Instacart") (collectively, "Parties") hereby submit the following Memorandum in Support of their Joint Motion for Approval of Settlement Involving FLSA Claims; Stipulation of Dismissal. The Parties respectfully request that this Court enter an Order approving the settlement reached in this case ("Settlement") and memorialized in the Parties' Settlement Agreement and Release of All Claims ("Settlement Agreement"). The Court's approval of the Settlement and Settlement Agreement is necessary because this case includes claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"). As a part of this Settlement, Plaintiff has agreed to dismiss all claims pending against Defendant, including her claims under the FLSA and the Ohio Minimum Fair Wage Standards Act ("OMFWSA").

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Plaintiff's Claims.

On November 18, 2020 Plaintiff sued Defendant, seeking to represent those similarly situated in a collective action under the Fair Labor Standards Act and a class action under Civil Rule 23. Plaintiff alleged that Defendant violated the Fair Labor Standards Act by not reimbursing mileage and that its pay practices violated federal or state law. Defendant then provided Plaintiff with discovery in the form of business records that it contends refute Plaintiff's claims.

### B. Discovery and Negotiation of the Settlement.

The Parties engaged in a thorough exchange of information regarding Plaintiff's claims and Defendant's defenses to those claims. This included responses to written discovery regarding the specific facts underlying Plaintiff's claims. Based on the information contained in Defendant's records, the Plaintiff hired an expert to determine her damages under state and federal wage laws and the parties began private settlement negotiations and reached an agreement to settle Plaintiff's claims against Defendant on an individual basis.

### C. Settlement Terms.

If approved by the Court, the Settlement Agreement will cover and resolve all of Plaintiff's claims pending against Defendant—including her claims under the FLSA and the OMFWSA—for the total amount of $14,000.00. This figure includes costs of $2,161.00 and attorneys' fees in the amount of $5,339.00. In exchange, this litigation will be dismissed with prejudice and Plaintiff will forever release Defendant from any and all claims arising out of the Parties' relationship or the termination of that relationship, including all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action asserted in Plaintiff's Complaint. These released claims will include but are not limited to claims for unpaid wages, unpaid overtime compensation,

2

liquidated damages, treble damages, interest, and attorneys' fees and expenses, pursuant to the FLSA and the OMFWSA.

## II. THE COURT SHOULD APPROVE THE FLSA SETTLEMENT

### A. The Settlement Agreement Settles a Bona Fide Dispute and Was Negotiated at Arm's Length.

Settlements of claims under the Fair Labor Standards Act are subject to Court approval pursuant to section 216(b) of the FLSA. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982). Courts approve such settlement agreements "if there is a bona fide dispute under FLSA that can be resolved by a settlement agreement, the agreement was reached through an arms-length negotiation, and the agreement is fair, reasonable, and adequate." *See, e.g.*, *Slaughter v. 5 Star Pizza, LLC*, S.D. Ohio No. 2:19-cv-1456, 2019 WL 6526014, *1 (Dec. 4, 2019) (citing cases). The requirements are met here.

First, as described above, Defendant denies liability to Plaintiff on all counts alleged in Plaintiff's Complaint and has produced business records that it contends support its position—a clear bona fide dispute. Second, the Settlement Agreement in this matter was reached through an arms-length negotiation between experienced counsel. After the exchange of relevant discovery, both Parties, through counsel, discussed the relative merits of their positions, as well as the settlement terms being submitted for Court approval.

### B. The Settlement Agreement Is Fair, Reasonable, and Adequate Under the Seven-Factor Test.

The Settlement reached by the Parties, as memorialized in the Settlement Agreement, is also fair and reasonable to both Plaintiff and Defendant. As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Government*,

3

2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)); *see also Call v. CTA Pizza, Inc.*, S.D. Ohio No. 2:18-cv-00696, 2019 WL 53070071, *3 (Oct. 21, 2019). Each of these factors favors the Court's approval of the Settlement and Settlement Agreement in this case.

### 1. There Is No Indicia of Fraud or Collusion.

Plaintiff's counsel and Defendant's counsel have extensive experience litigating employment claims, including claims under the FLSA. Both Parties were given the opportunity to assess the merits of the Parties' claims and defenses, as well as the potential damages at issue in this case because Defendant provided Plaintiff's counsel with the applicable business records at issue. The Settlement Agreement was achieved only after arms-length and good-faith negotiations between the Parties. As such, there is no indicia of fraud or collusion.

### 2. The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval.

The policy favoring settlement of employment litigation, including wage-and-hour actions, and other complex cases applies to the Settlement and Settlement Agreement. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. Moreover, the Parties disagree about the merits of Plaintiff's claims, including her claims under the FLSA.

The Parties' dispute includes factual issues such as the tasks that were assigned to Plaintiff, the rates at which Plaintiff was paid, and whether or not Plaintiff was Defendant's employee. If forced to litigate this case further, the Parties would continue to engage in complex, costly, and protracted litigation, together with the uncertainty associated with litigating any case through trial. On the other hand, the Settlement and Settlement Agreement provide substantial relief to Plaintiff promptly and efficiently, and also provide certainty and finality with respect to resolution of Plaintiff's claims in this case. *See Rotuna*, 2010 U.S. Dist. LEXIS 58912, at *16 ("Given the uncertainty surrounding a possible trial in this matter, the certainty and finality that comes with settlement also weights in favor of a ruling approving the agreement."). Accordingly, the certainty and finality of the Settlement and Settlement Agreement favors approval in this case.

### 3. The Completed Discovery and Investigation was Sufficient to Allow the Parties to Act Intelligently.

The Parties engaged in a thorough investigation and informal discovery prior to negotiating the Settlement Agreement. Specifically, Defendant provided Plaintiff with her daily clock-in times, rates of pay, and total hours worked, among other business records. Plaintiff has calculated the unliquidated amount due her to be $1,614.36 and, therefore, the $6,500.00 payment to Plaintiff is greater than a 4 * premium to the unliquidated amount Plaintiff alleges owed.

Counsel for both Parties debated the relative merits of their clients' claims and defenses, giving both Parties the opportunity to evaluate the issues in the case completely. Thus, the factual and legal issues in this case were thoroughly investigated by counsel for both Parties, and all aspects of the dispute are well-understood by both Plaintiff and Defendant.

5

### 4. The Uncertainty and Likelihood of Success on the Merits Favors Approval of the Settlement.

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, even if Plaintiff succeeded on the merits of some or all of her claims, the amount of recovery is uncertain and is an additional point of disagreement between the Parties. Based on Instacart's business records, it is possible that litigating this case to its lawful conclusion could result in no recovery to the Plaintiff. Given the uncertainty surrounding continued litigation and a possible trial in this case, the certainty offered by the Settlement favors the Court's approval in this case. The disputed issues in this case and the hurdles Plaintiff must overcome favor approval of the Settlement and Settlement Agreement. *See Rotuna*, 2010 U.S. Dist. LEXIS 58912, at *16.

### 5. Experienced Counsels' Views Favor Approval.

The Parties' counsel have extensive experience in wage-and-hour collective and class actions, including cases involving FLSA claims. The Parties have acted in good faith. The Parties' counsel support the Settlement Agreement as fair and reasonable. Courts give weight to the judgment of experienced counsel. *See, e.g.*, *Slaughter*, 2019 WL 6526014, *2 (citation omitted).

### 6. Reactions of Absent Class Members.

Because Plaintiff is settling her claims on an individual bases, the reactions of absent class members are irrelevant. *See, e.g.*, *Call v. CTA Pizza, Inc.*, S.D. Ohio No. 2:18-cv-00696, 2019 WL 53070071, *4 (Oct. 21, 2019).

### 7. The Public Interest Favors Approval.

**III.** The public interest favors settlement as it avoids the costs of long and protracted litigation. *See e.g.*, *Kritzer v. Safelite Solutions, LLC*, S.D. Ohio No. 2:10-cv-0729, 2012 WL 1945144, *6 (May 30, 2012). The Court's approval of the Settlement and Settlement Agreement in this case will further that public interest.

KEKER\3860\BOLIN\1781055.v3-12/20/21

## PLAINTIFF'S ATTORNEY'S FEES ARE REASONABLE

The final step of the Court's analysis is to determine whether the proposed award of attorney's fees to Plaintiff's counsel under the Settlement and Settlement Agreement is reasonable. *Survance*, 2015 U.S. Dist. LEXIS 146928, at *4–5. Under § 216(b) of the FLSA, a prevailing plaintiff is entitled to reasonable attorneys' fees. *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). This "encourage[s] the vindication of congressionally identified policies and rights." *Id.* Plaintiff's counsel's lodestar is currently over $43,487.50 and Plaintiff's counsel's costs are $2,161,00. The Settlement provides for Defendant to pay $5,339.00 in fees and $2,161.00 in costs, a nearly 90% reduction to Plaintiff's Counsel's lodestar. (See *Frad. Decl.*). Counsel for both Parties agree that the proposed attorney's fees and costs to be paid to Plaintiff's counsel are fair and reasonable and should be approved by the Court.

## IV. CONCLUSION

For the foregoing reasons, the Parties respectfully request that this Court enter an Order approving the Settlement and Settlement Agreement and dismissing Plaintiff's Complaint with prejudice.

Respectfully submitted,

Respectfully submitted,

Dated: January 11, 2022

| LAW OFFICE OF MICHAEL L. FRADIN | THOMPSON HINE LLP |
|---|---|
| By: */s/ Michael L. Fradin* | By: */s/ Nancy M. Barnes* |
| | One of Its Attorneys |
| Michael L. Fradin, Esq. | Benjamin Berkowitz *(pro hac vice)* |
| mike@fradinlaw.com | Erin E. Meyer *(pro hac vice)* |
| 8 N. Court St. Suite 403 | Julia L. Allen *(pro hac vice)* |
| Athens, Ohio 45701 | Donna Zamora-Stevens *(pro hac vice)* |
| Telephone: 847-986-5889 | Taylor Reeves *(pro hac vice)* |
| Facsimile: 847-673-1228 | Keker, Van Nest & Peters LLP |

Ian Silvers *(pro hac vice)*
1301 Dove St., Suite 120
Newport Beach, CA 92660
949-752-2999
Fax: 949-752-2777
Email: isilvers@bisnarchase.com
Email: jbeligan@bisnarchase.com

*Attorneys for Plaintiff Shanda Bolin*

633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
bberkowitz@keker.com
emeyer@keker.com
jallen@keker.com
dzamora-stevens@keker.com
treeves@keker.com

Nancy M. Barnes (0074744)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114
(216) 566-5786 tel.
Nancy.Barnes@ThompsonHine.com

*Attorneys for Defendant Maplebear Inc. d/b/a Instacart*

# CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2022, a copy of foregoing *Joint Motion for Approval of Settlement Involving FLSA Claims; Stipulation of Dismissal* and *Memorandum in Support of their Joint Motion for Approval of Settlement Involving FLSA Claims; Stipulation of Dismissal* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

                            */s/ Michael L. Fradin*
                            Michael L. Fradin