# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Confidential Settlement and Release Agreement ("Agreement") between Shanda Bolin ("Bolin") and Maplebear Inc. d/b/a/ Instacart ("Instacart") is intended to fully and finally compromise, resolve, discharge, and settle all claims and disputes, actual and potential, known and unknown, that Bolin has or may have with or against Instacart. Bolin and Instacart (sometimes referred to collectively as the "Parties") hereby mutually agree that:

1. **Consideration.** In consideration for signing, performing, and adhering to all obligations under this Agreement, Instacart agrees to pay Bolin the total gross sum of fourteen thousand dollars **($14,000.00)** (the "Settlement Payment"), which shall be broken down as follows ($6,500.00 to Bolin and $7,500.00 to her attorneys for attorneys' fees and costs). The Settlement Payment will be made in the form of a wire transfer to Bolin and Bolin's counsel, who, following execution of this Agreement, will provide wire instructions to Instacart.

    The Parties agree that the amounts provided in this Settlement Agreement to compromise Bolin's FLSA claims represent a fair, reasonable, and adequate compromise of a *bona fide* dispute between Bolin and Instacart over such claims.

    Bolin and Bolin's counsel shall each provide Instacart with a completed IRS Form W-9 for the Settlement Payment. The Settlement Payment will be made within ten (10) calendar days after all of the following occur: (1) the Parties have executed this Agreement; and (2) Bolin has dismissed all claims pending against Instacart.

    Instacart shall issue an IRS Form 1099 to Bolin reflecting the Settlement Payment.

2. **General Release.** For and in consideration of the mutual promises contained herein, Bolin agrees to settle, waive, generally release, and dismiss with prejudice any and all claims and causes of action of any and every nature that she has or may have against Instacart and/or any parent, subsidiary, affiliated, or predecessor company or entity, and all of its/their directors, officers, agents, contractors and employees (collectively, the "Releasees"), up to and including the date of execution of this Agreement, including *Shanda Bolin et al. v. Maplebear Inc. dba Instacart* (United States District Court, Southern District of Ohio, Eastern Division, Case No. 2:20-cv-05945-SDM-CMV). All such claims, whether based in tort, contract, statute, common law, public policy, or arising from any other basis are released, waived, and forever barred. Bolin's released claims include without limitation, claims for unpaid compensation, breach of contract, misclassification, wage and hour violations, unpaid costs, litigation costs, statutory penalties, civil penalties, damages, liquidated damages, punitive damages, restitution, equitable relief, interest, or attorneys' fees, with the exception of any claims which cannot be released as a matter of law. Bolin's released claims further include any other claims under any provision of the federal Fair Labor Standards Act, 29 U.S.C. section 2012, *et seq.*, as amended; any state, county or city law, ordinance, rule or regulation regarding wages or compensation, all as amended, including but not limited to the Ohio Minimum Fair Wage Standards Act; the Ohio Deceptive Trade Practices Act; the Ohio Minimum Wage Law; Ohio Revised Code

DocuSign Envelope ID: 4557A698-F4BF-420A-B733-6F5E2029501B

4165.01 *et seq.*; Ohio Revised Code 4165.02 *et seq.*; and all of their implementing regulations and interpretive guidelines; any claims for employee benefits under any state or federal law, including without limitation, any claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. section 1001 *et seq.*, as amended; any claims of discrimination on any basis under any state or federal law, including without limitation, any claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. section 2000 *et seq.*; the Civil Rights Act of 1866, 42 U.S.C. section 1981, the Civil Rights Act of 1991, the Americans with Disabilities Act, 42 U.S.C. section 12101 *et seq.*, the Family and Medical Leave Act of 1993;, the U.S. or Ohio Constitutions; or any other federal, state, county or city law or ordinance, all as amended. Bolin's released claims further include, but are not limited to, any and all claims for attorneys' fees, costs or disbursement.

By signing this Agreement, Bolin acknowledges she is familiar with and agrees to expressly waive any rights she may have under the provisions of California Civil Code Section 1542, which states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

This waiver is not a mere recital, but is a known waiver of rights and benefits. This is a bargained-for provision of this Agreement and is further consideration for the covenants and conditions contained herein. Bolin has considered the possibility that the releases contained herein include unknown or unsuspected claims, but, nevertheless, intends to assume the risk that she is releasing such unknown or unsuspected claims that she has or may have.

3. **No Additional Compensation.** Except as provided in this Agreement, Bolin acknowledges and agrees that she is not entitled to receive, nor will she seek, any other compensation or benefits of any sort from Instacart.

4. **Taxes.** Bolin acknowledges and agrees that Instacart makes no representation of any kind as to the income tax or other tax consequences of the Settlement Payment described in this Agreement, and further acknowledges that she is solely responsible for the payment of all taxes that are owing or may subsequently be determined by any appropriate tax authority to be owing with respect to the Settlement Payment in this Agreement. Additionally, Bolin agrees to defend, indemnify, and hold Instacart harmless from any claims, demands, actions, causes of action, losses, costs, attorneys' fees, penalties, or expenses that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Bolin under this Agreement.

KEKER\3860\INSTACART\1734134.v11-9/15/21

THE PARTIES ACKNOWLEDGE AND AGREE THAT: (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN THE PARTIES OR THEIR ATTORNEYS OR ADVISORS, IS, WAS INTENDED TO BE, OR SHOULD BE CONSTRUED OR RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF U.S. TREASURY DEPARTMENT CIRCULAR 230 (31 C.F.R. PART 10, AS AMENDED); (2) EACH PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS OWN LEGAL AND TAX ADVISORS FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT RELIED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ADVISOR TO THAT PARTY; AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY OTHER PARTY OR ADVISOR TO THAT PARTY TO AVOID ANY TAX PENALTY; AND (3) NO ATTORNEY OR ADVISOR TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISOR'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

5. **Dismissal of all Claims Against Instacart.** Bolin shall take all steps necessary to dismiss her claims pending against Instacart in *Shanda Bolin et al. v. Maplebear Inc. dba Instacart* (United States District Court, Southern District of Ohio, Eastern Division, Case No. 2:20-cv-05945-SDM-CMV). Within fifteen (15) days of signing this Agreement, Bolin agrees to draft and provide to Instacart a stipulation requesting that the Court approve the dismissal of the action pending in the United States District Court for the Southern District of Ohio (Eastern Division). Such stipulation will request dismissal with prejudice of Bolin's claims. Instacart shall have seven (7) days to review and provide any proposed changes, which Bolin shall make to the extent reasonable. Once Instacart and Bolin finalize the draft of the stipulation, Bolin will file the stipulation within 3 days.

6. **No Other Charges or Claims Filed.** With the exception of the claims set forth in *Shanda Bolin et al. v. Maplebear Inc. dba Instacart* (United States District Court, Southern District of Ohio, Eastern Division, Case No. 2:20-cv-05945-SDM-CMV), Bolin represents and warrants that she has not filed any claims against any of the Releasees that are based on any claims released by this Agreement, including but not limited to any unpaid amounts or breach of contract, and further agrees that she will not file any such claims against Releasees regarding released claims.

7. **Other Claims and Legal Proceedings.** Notwithstanding the foregoing or any term in this Agreement, this Agreement does not waive or release any claim which cannot be released by private agreement of the Parties. Further, nothing in this Agreement shall prohibit Bolin from bringing any complaint, claim or action seeking to challenge the validity of, or allege a breach of this Agreement by Instacart. Further, Bolin agrees and acknowledges that nothing contained in this Agreement prevents her from filing a charge or complaint with, reporting possible violations of any law or regulation, making disclosures to, and/or participating in any investigation or proceeding conducted by, the National Labor Relations

Board, Equal Employment Opportunity Commission, the Securities and Exchange Commission, and/or any governmental authority charged with the enforcement of any laws, provided that by signing this Agreement, Bolin is waiving rights to individual relief based on claims asserted in such a charge or complaint, or asserted by any third-party on Bolin's behalf, except where such a waiver of individual relief is prohibited.

Bolin agrees that she will not voluntarily provide assistance, information, or advice, directly or indirectly (including through agents or attorneys), to any person or entity in connection with any claim or cause of action of any kind brought against any of the Releasees unless compelled to do so by law, nor shall she induce or encourage any person or entity to bring such claims.

8. **Confidentiality of Agreement.** Bolin agrees to keep the fact and terms of this Agreement completely confidential, except as required by law. She represents and agrees that she will keep the terms, amounts, existence, and facts of this Agreement completely confidential, except as described in this provision. This means that she will not communicate this Agreement's terms to any third party, whether verbally or in writing, by any means, including by social media such as, but not limited to, Twitter, Instagram, Facebook, YouTube, and the like, or any online forum or chatroom. It shall not be a violation of this Agreement for Bolin to disclose information about this Agreement to any attorneys and/or any financial/tax advisors she may choose to consult so long as she first obtains a promise from each such person to maintain the information in strict confidence and to use that information for legitimate legal, financial or tax reasons related to Bolin. Each of them is bound by this non-disclosure provision, and a disclosure by any of them is a disclosure by Bolin. Bolin may also disclose this Agreement to the extent necessary to enforce its terms. It is also not a violation of this agreement to provide the above information to the Court if required by the Court in order to complete the dismissal of the case. Nothing in this Agreement shall be construed to limit any party or its representatives from any affirmative legal duty to report or disclose information. Bolin also agrees to preserve the confidentiality of any and all proprietary and confidential information received from any party.

Bolin agrees and acknowledges that a proven violation of these confidentiality provisions is a material breach of the Agreement. She further agrees that she shall be responsible and liable for any disclosure prohibited by this Paragraph 9 made by Bolin and/or her representatives. Any disclosure by Bolin will cause Instacart irreparable harm that money cannot undo. Accordingly, a proven violation of this section will entitle Instacart to temporary and permanent injunctive relief, and liquidated damages in the amount of $1,000.00 per breach.

In the event that Bolin is required by law, subpoena, or court order to disclose, publicize, or to permit, authorize, or instigate the disclosure of this Agreement, in whole or in part (separate from being required as part of the dismissal of the case), Bolin agrees to notify Instacart in writing at least fifteen (15) business days prior to the disclosure in order to provide Instacart an opportunity to object to such disclosure. If Bolin is not able to comply with the fifteen (15) business day notice period because she did not have knowledge of a

- 4 -

required disclosure at least, or more than, fifteen (15) business days before the disclosure was to be made, then Bolin shall use all reasonable means, including email, voicemail, and/or overnight mail to immediately notify Instacart of the anticipated disclosure. Such written notification to Instacart shall be sent to: Erin Meyer, Keker, Van Nest & Peters LLP, 633 Battery Street, San Francisco, CA 94111; 415-391-5400; emeyer@keker.com. Bolin agrees to cooperate fully with Instacart if Instacart decides to object to such disclosure.

The Parties agree that this Agreement need not be filed with the stipulation seeking dismissal of *Shanda Bolin et al. v. Maplebear Inc. dba Instacart* (United States District Court, Southern District of Ohio, Eastern Division, Case No. 2:20-cv-05945-SDM-CMV). However, to the extent the Court requires submission of this Agreement, the Parties agree to cooperate in seeking to submit this Agreement *in camera* or under seal to the extent permitted by law.

9. **Non-Disparagement.** Bolin agrees not to make any disparaging or derogatory statements at any time about Instacart, or any of its officers, directors, employees or contractors verbally, in writing, on social media or blog, or in any other format. Bolin agrees and acknowledges that incitement of others to make disparaging or derogatory statements about Instacart would also constitute a material breach of this Agreement. Nothing in this section shall prohibit Bolin from providing truthful information including in response to a subpoena or other legal process.

10. **Non-Admission.** Instacart denies that it or any of the Releasees has engaged in any unlawful activity, wrongdoing, or has failed to comply with the law in any respect; denies that Bolin is or ever was an employee of Instacart; denies failing to pay wages, overtime, business expenses or other amounts to the extent required by law; denies that it failed to provide wage statements or other materials and information to the extent required by law; and denies that representative penalties could properly be sought by Bolin. This Agreement shall not in any way be construed as an admission that Instacart or any of its representatives have acted wrongfully with respect to Bolin or any other person, and shall be construed strictly as an instrument to avoid litigation.

11. **Disputed Claims.** The claims resolved by this Agreement are the subject of a bona fide dispute between Bolin and Instacart. The Parties expressly acknowledge that this Agreement is entered into for the sole purpose of compromising highly disputed claims and eliminating the uncertainties, burdens, expense and delay of protracted litigation and expressly acknowledge that nothing herein is an admission of liability, culpability, negligence, or wrongdoing by Instacart. The Parties also expressly acknowledge that there has been no final determination by any court as to the merits of any claims that Bolin has or may have with or against Instacart.

12. **Inadmissibility.** The Parties agree that this Agreement is a settlement document and shall, pursuant to California Evidence Code Section 1152, Federal Rule of Evidence 408, Ohio Rule of Evidence 408, or any other equivalent or related law, regulation, statute or provision, be inadmissible as evidence in any proceeding. In addition, the Parties agree that this Agreement and the fact of this Settlement shall not, in any court, arbitration,

administrative proceeding or other proceeding or tribunal, constitute, or be offered, received, claimed, construed, used, or deemed as an admission, finding, or evidence of: 1) any wrongdoing, fault, or omission by Instacart; 2) any violation of any statute or law; 3) any liability on any claims that Bolin has or may have with or against Instacart, and shall not be used by any person or entity for any purpose whatsoever in any legal proceeding other than a proceeding to enforce the terms of the Agreement, including but not limited to any arbitration or legal proceeding.

13. **Enforcement of Agreement.** The Parties agree that, the above paragraph and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any proceeding to enforce any or all terms of this Agreement. If either Party breaches this Agreement, or any dispute arises out of or relating to this Agreement, the prevailing Party shall be entitled to its reasonable attorneys' fees and costs. In the event of any litigation arising out of this Agreement, the Agreement, in all respects, shall be interpreted, enforced, and governed by the laws of the State of California. The Parties also agree that Instacart shall have the right to file the Agreement in any action that may be brought against it by Bolin in order to support a defense or counterclaim relating to any claims released, precluded or barred by this Agreement and Bolin may file it in any action brought against her by Instacart to support a defense or counterclaim relating to this Agreement.

Any litigation arising out of this Agreement, including but not limited to actions to enforce this Agreement, interpret this Agreement, or determine the Agreement's validity, shall be subject to arbitration as set forth in the Independent Contractor Agreement previously entered into between the parties. Nonetheless, any Party to the Agreement may seek a provisional remedy from a court, including provisional remedies under the Federal Arbitration Act.

Failure of any Party hereto, in any one or more instances, to enforce any of the rights arising in favor of said Party in connection with this Agreement, or to insist upon the strict performance of this Agreement's terms, conditions or covenants, shall not be construed as a waiver or a relinquishment of any such rights for future breach or enforcement thereof.

14. **Independent Advice of Counsel.** The Parties represent and warrant that, in executing this Agreement, they relied solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel concerning the nature, extent, and duration of their rights and claims; that they have carefully reviewed and understand all of the provisions of this Agreement; and that they are freely, knowingly, and voluntarily entering into this Agreement without any form of duress. The Parties represent and warrant that in executing this Agreement they do not rely and have not relied upon any representation or statement not set forth in this Agreement, whether made by a Party, or any other person, with regard to the subject matter, basis, or effect of this Agreement or otherwise. The Parties understand that the facts as to the matters released in this Agreement may be different than the facts now known or believed to be true and that the Parties each assume the risk of such different facts and agree that this Agreement shall be and remain effective in all respects notwithstanding any such difference in facts and

shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

15. **No Construction Against Drafter.** The Parties acknowledge that this Agreement has been reviewed and has been approved as to its form and content. The Parties agree that this Agreement is to be construed and interpreted without regard to the identity of the Party drafting this Agreement.

16. **Class, Representative, or Collective Action Claims.** Bolin acknowledges and agrees that included among the claims released are any and all claims that have been, or may be, asserted by Bolin or by any other person or entity on Bolin's behalf in any class, representative, or collective action relating to the Releasees consistent with the terms of this Agreement:

    a. Bolin waives any right to become, and promises not to consent to become, a member of any class in a case in which claims are asserted against the Releasees and that involve events which have occurred as of the date Bolin signs this Agreement; and

    b. Bolin waives any and all rights she might otherwise have to receive notice of any class, representative, or collective action, or to receive a settlement payment in any class, representative, or collective action. In the event that Bolin is included or identified as a member, or potential member of a class in any proceeding against the Releasees, Bolin agrees to opt out of the class at the first opportunity afforded to her after learning of her inclusion. In this regard, Bolin agrees that she will execute, without objection or delay, an "opt-out" form presented to her in connection with such proceeding.

17. **Future Use of Instacart's Application.** Bolin agrees that on the date this Agreement is executed, Bolin's Independent Contractor Agreement with Instacart shall be terminated and Bolin shall be deactivated from the platform. Bolin agrees that at no time in the future will she seek to enter into an independent contractor relationship with Instacart or any of the other Releasees. Nothing in this paragraph is intended to prohibit, prevent, or otherwise restrict Bolin from obtaining future employment with Instacart. For clarity, nothing in this provision is intended to limit Instacart's rights to deactivate Bolin for any other reason pursuant to Instacart's standard policies and procedures.

18. **Bolin's and Bolin's Counsel's Representation.** Bolin and her counsel hereby represent, warrant, and assure that, as of the date of execution of this Agreement, they have not been retained by any individuals or entities, other than Bolin, whom they are aware have or may have any potential claims, grievances, or causes of action against Instacart.

19. **Severability.** If any provision in this Agreement is held by a court of competent jurisdiction or government agency to be invalid, void, or unenforceable, the remaining

provisions shall nevertheless continue in full force without being impaired or invalidated in any way.

20. **Complete Agreement.** This Agreement contains the entire agreement between Bolin and Instacart regarding the resolution of the Bolin's claims, and supersedes all prior and contemporaneous agreements, understandings, or conditions, expressed or implied, oral, or written, except as contained herein. Bolin acknowledges that she fully understands the terms of this Agreement, and that she enters into this Agreement knowingly and voluntarily. This Agreement does not, however, supersede or alter the Independent Contractor Agreement between Bolin and Instacart, including the arbitration provision therein.

21. **Authority to Sign.** Each of the Parties to this Agreement covenants, agrees, represents and warrants that the persons executing this Agreement are authorized and empowered to enter into and execute this Agreement for and on behalf of the person or entity they represent. This Agreement is binding upon and shall inure to the benefit of the Parties' heirs, successors, and assigns.

22. **Transfer of Claims**. Bolin represents and warrants that she has not assigned, transferred, or purported to assign or transfer, to any person or entity whatsoever, any claims released herein. Bolin agrees to indemnify Instacart against any and all claims, obligations, liabilities, costs, expenses (including attorneys' fees), or judgments based on or arising out of any such assignment or transfer. Bolin further warrants there is nothing that would prohibit her from entering into this Agreement.

23. **Counterparts.** This Agreement may be executed in several counterparts and by facsimile or PDF, and all so executed shall constitute one Agreement, binding on all Parties hereto.

24. **Voluntary Execution of Final and Binding Agreement.** This Agreement is a final and binding legal document executed voluntarily and without any duress or undue influence with the full intent of releasing all claims. The Parties specifically acknowledge that:

    a. They negotiated the terms and conditions of the Agreement at arms-length;

    b. They were provided reasonable and sufficient time to review the terms of the Agreement;

    c. They have read this Agreement;

    d. They have been provided the opportunity to be represented in the preparation, negotiation, and execution of this Agreement by legal counsel of their own choosing, and if counsel was not consulted, it was the party's choice not to do so;

    e. They understand the terms and consequences of this Agreement and of the releases it contains;

DocuSign Envelope ID: 45F7A698-F4BF-420A-B733-6F5E3029E01B

    f. They are fully aware of the legal and binding effect of this Agreement; and

    g. The Parties have acted voluntarily of their own free will and have not relied upon any representation made by the other Party regarding this Agreement's subject matter or its effect.

25. **Miscellaneous.**

    a. Amendments. This Agreement may be amended only by written agreement signed by each of the Parties.

    b. Headings. Headings in this Agreement are for convenience of reference only and are not part of the substance hereof or thereof.

    c. Counterparts. This Agreement may be executed in any number of identical counterparts, any set of which signed by all Parties shall be deemed to constitute a complete, executed original for all purposes.

TO SHANDA BOLIN:

THIS IS AN IMPORTANT DOCUMENT. PLEASE READ THE ABOVE CAREFULLY BEFORE EXECUTING. THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS. YOU MAY DESIRE TO CONSULT WITH A LAWYER, AT YOUR EXPENSE, BEFORE SIGNING THIS DOCUMENT.

| SHANDA BOLIN | MAPLEBEAR INC. DBA INSTACART |
|---|---|
| *(DocuSigned by: Shanda J Bolin)* | *(signature)* |
| Shanda Bolin | Lee Szor |
| Dated: 12/30/2021, 2021 | Dated: January 10, 2022 |

**AS TO FORM**

- 9 -

KEKER\3860\INSTACART\1734134.v11-9/15/21

| LAW OFFICE OF MICHAEL L. FRADIN | KEKER, VAN NEST & PETERS LLP |
|---|---|
| By: *DocuSigned by: 5DEE18690AAA4D6* <br> Michael L. Fradin | By: *[signature]* <br> Erin E. Meyer |
| Dated: 1/3/2022 , 2021 | Dated: 1/10/2022 , 2021 |

- 10 -